UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK JAMES,

              Plaintiff,
                                         MEMORANDUM & ORDER
    -against-                         16-CV-6813(JS)(ARL)

GURNEYS INN RESORT & SPA LTD,

              Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Mark James, pro se
                         19029 U.S. Highway 19N, 20-D
                         Clearwater, FL 33764

For Defendant:      No appearance.

SEYBERT, District Judge:

        On December 2, 2016, pro se plaintiff Mark James ("Plaintiff") filed a Complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA") against Gurneys Inn Resort & Spa Ltd. ("Defendant"), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's claims are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's Complaint is submitted on the Court's employment discrimination complaint form and seeks to recover monetary damages pursuant to Title VII and the ADEA for the alleged illegal termination, <u>inter alia</u>, of Plaintiff's employment with Defendant. Although Plaintiff has checked the boxes on the form Complaint to allege that Defendant discriminated against him based on his race, gender/sex, age, and disability/perceived disability (Compl. ¶ III. D), he indicates only that he was born in 1960 and that his disability is high blood pressure but has left blank the spaces on the form Complaint that call for Plaintiff's race and gender/sex. (<u>Id.</u>)

In the space on the form Complaint that calls for a summary of the facts of the case, Plaintiff alleges the following, in its entirety:[2]

> (1) My job was to enter staff housing units to do smoke detector inspections. Human Resources posted Spanish versions Notice to Enter, a female employee (Spanish) claims that I entered with no notice. The employee was properly notified several times and never co-operated.

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. <u>Rogers v. City of Troy, N.Y.</u>, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a <u>pro se</u> complaint for <u>sua sponte</u> dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

English & Spanish posted notes.

(2) I was wrongfully terminated. I am entitled to the investigation paperwork.

(3) Gurneys never offered me health insurance and my 90 day review.

(Compl. ¶ III.E.) Plaintiff has also annexed to his Complaint a single page, undated letter that reads as follows:

Dear Judge

I was hired as a staff housing technician and manager. I was to report to the chief enjineer Chris Depaoli who was fired two weeks before I was.

On or around 2/10/16 I was instructed bye Fernando Buitrago head of security and human resources to perform an inspection on all the smoke detectors for the staff housing rooms at Westlake Blvd, which I was responsible for.

I went to Human Resources and printed a english and spanish version of the notice to enter 24 hours prior too, I posted them on the units doors. One employee a female whom speaks spanish claims I entered with no notice. I knocked on the door several times, no answer, left and came back later, knocked again, no answer. So I used my managers access key to enter as instructed in my job description. When I opened the door the female employee was in the room with headphones on her eras listening to music on her smart phone. How could she hear me knock etc?

I was fired for this action and never given my 90 day review and health insurance coverage insurance.

I relocated to take the position giving up my apartment, furniture and left a paying job.

Then I had to move again after being wrongfully terminated, an had to find a new apartment again, buy new furniture, and locate a new job which took until now to get one.

In addition my health is now bad as I have high blood

pressure and now I am very depressed and am applying for permanent disability possibly.

Gurneys purchased another hotel next to theirs, hired a new enjineer, fired my boss and set me up for failure, wrongful discharge. They should have had system in place to have a female enter the room.

This is a classic case of age, gender discrimination.

I am seeking $55k punitive damages.

(Compl. at 10.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537

F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Plaintiff's Employment Discrimination Claims

Title VII prohibits an employer from discriminating against any individual regarding "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such

5

individual's age."  29 U.S.C. § 623(a)(1).  The Americans with Disabilities Act of 1990, 42 U.S.C. § 12112-12117 ("ADA"), prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[3]  42 U.S.C. § 12112(a).  "The <u>sine qua non</u> of a gender-based [or age or disability-based] discriminatory action claim under Title VII [or the ADEA or the ADA] is that the discrimination must be **because of** a sex [or age or diability]."  <u>Patane v. Clark</u>, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (internal quotation marks and citation omitted).

Here, Plaintiff's Complaint does not allege that he was subjected to any gender, age, or disability-based adverse employment action nor are there any facts set forth in the Complaint from which the Court could reasonably infer a gender-based, age-based, or disability-based motivation for such action.  It does not allege, for example, that any female or younger employees were given preferential treatment when compared to

---

[3] Although Plaintiff did not check the box on the form Complaint to indicate that his claims also arise under the ADA, given his <u>pro se</u> status, together with his allegation that Defendant discriminated against him because of disability or perceived disability (Compl. ¶ III. D), the Court liberally construes the Complaint and considers whether a plausible ADA claim is alleged.

6

Plaintiff or that Plaintiff was subjected to any specific gender-based or age-based remarks that may demonstrate a discriminatory animus. Nor does it allege that Defendant did not accommodate Plaintiff's disability, assuming for purposes of this Memorandum and Order that Plaintiff is, in fact, disabled under the ADA. Indeed, beyond the date of Plaintiff's birth and the identification of "high blood pressure" as his claimed disability, the Complaint is devoid of any facts in support of an age-based or disability-based discrimination claim. Although Plaintiff is not required "to plead specific facts to show a prima facie case of discrimination, . . . dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. 2011) (summary order) (internal quotation marks and citation omitted); see also Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (Although a plaintiff need not allege facts establishing every element of a prima facie case of employment discrimination, the facts alleged must give "plausible support to a minimal inference of discriminatory motivation.").

Accordingly, as is readily apparent, the Complaint does not allege a plausible employment discrimination claim under Title VII, the ADEA, or the ADA. Plaintiff's claims are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in**

**accordance with this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order, 16-CV-6813(JS)(ARL), and shall be filed within thirty (30) days from the date of this Memorandum and Order.** If Plaintiff files an Amended Complaint within the time allowed, the Court shall screen it pursuant to 28 U.S.C. § 1915. Plaintiff is cautioned that an Amended Complaint **completely** replaces the original Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case shall be closed.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with the guidance set forth above within thirty (30) days from the date of this Memorandum & Order.** If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff at his last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  April  25 , 2017
        Central Islip, New York