```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARK JAMES,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       16-CV-6813(JS)(ARL)

GURNEYS INN RESORT & SPA LTD,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Mark James, pro se
                    19029 U.S. Highway 19N, 20-D
                    Clearwater, FL 33764

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On December 2, 2016, pro se plaintiff Mark James ("Plaintiff") filed a Complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA") against Gurneys Inn Resort & Spa Ltd. ("Defendant"), accompanied by an application to proceed in forma pauperis. By Memorandum and Order dated April 25, 2017 (the "Order"), the Court granted Plaintiff's application to proceed in forma pauperis and sua sponte dismissed Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and granted Plaintiff's leave to file an Amended Complaint within thirty (30) days from the date of the Order.

On May 22, 2017, Plaintiff timely filed an Amended

Complaint against Defendant pursuant to Title VII.  (See Am. Compl., Docket Entry 6.)  Because Plaintiff's allegations as set forth in his Amended Complaint do not allege a plausible Title VII claim against the Defendant, the Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's Amended Complaint is submitted on the Court's employment discrimination complaint form and seeks to recover monetary damages pursuant to Title VII for the alleged illegal termination, inter alia, of Plaintiff's employment with Defendant. Although Plaintiff has checked the boxes on the form to allege that Defendant discriminated against him based only on his gender/sex and age, he has also included that he was born in 1960.  (See Am. Compl. ¶¶ II, III. D.)  However, Plaintiff has not checked the box to allege that his claims also arise under the ADEA.  Thus, it is not clear whether Plaintiff also seeks to allege a claim of age discrimination.  Given Plaintiff's pro se status, the Court liberally construes the Amended Complaint to also include an age discrimination claim brought pursuant to the ADEA.

In the space on the form that calls for a summary of the facts of the case, Plaintiff alleges the following, in its

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

entirety:[2]

> Job duty was to enter staff housing to do smoke detector inspections. I worked with HR to post english & spanish Notices to Enter. A female employee claims I entered with no notice. She never co-operated with Notices and prior ones. I am entitled to the discovery investigation reports and Gurney's claimed I am not. Never received my 90 day review & health insurance was not offered.

(Am. Compl. ¶ III.E.) Plaintiff has also annexed to his Amended Complaint the same, single page, undated letter that he had annexed to the original Complaint. The letter reads as follows:

> Dear Judge
>
> I was hired as a staff housing technician and manager. I was to report to the chief enjineer Chris Depaoli who was fired two weeks before I was.
>
> On or around 2/10/16 I was instructed bye Fernando Buitrago head of security and human resources to perform an inspection on all the smoke detectors for the staff housing rooms at Westlake Blvd, which I was responsible for.
>
> I went to Human Resources and printed a english and spanish version of the notice to enter 24 hours prior too, I posted them on the units doors. One employee a female whom speaks spanish claims I entered with no notice. I knocked on the door several times, no answer, left and came back later, knocked again, no answer. So I used my managers access key to enter as instructed in my job description. When I opened the door the female employee was in the room with headphones on her eras listening to music on her smart phone. How could she hear me knock etc?
>
> I was fired for this action and never given my 90 day

---

[2] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted. In addition, the Court notes that Plaintiff's allegations in the Amended Complaint are nearly identical to those in the original Complaint.

> review and health insurance coverage insurance.
>
> I relocated to take the position giving up my apartment, furniture and left a paying job.
>
> Then I had to move again after being wrongfully terminated, an had to find a new apartment again, buy new furniture, and locate a new job which took until now to get one.
>
> In addition my health is now bad as I have high blood pressure and now I am very depressed and am suffering from depression. I am seeking $100,000 punitive damages.

(Am. Compl. at 8.) Plaintiff has also annexed to his Amended Complaint a copy of the Order with handwritten annotations at page 3 and 9 that change the amount of damages that Plaintiff seeks to recover from Defendant. (Am. Compl. at 11, 12.)

## DISCUSSION

I. The Amended Complaint Does Not Allege a Plausible Claim for Relief

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). As the Court made clear in the Order, "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" See Order at 5 (citing Ashcroft v. Iqbal,

4

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

 A. <u>Plaintiff's Employment Discrimination Claims</u>

  As the Court explained in the Order, "Title VII prohibits an employer from discriminating against any individual regarding "'compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" (Order at 5 (quoting 42 U.S.C. § 2000e-2(a)(1)).) The ADEA prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "The <u>sine qua non</u> of a gender-based [or age-based] discriminatory action claim under Title VII [or the ADEA] is that the discrimination must be **because of** a sex [or age or diability]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (internal quotation marks and citation omitted).

  Here, like the original Complaint, Plaintiff's Amended

5

Complaint does not allege that he was subjected to any gender or age-based adverse employment action nor are there any facts set forth in the Amended Complaint from which the Court could reasonably infer a gender-based or age-based motivation for such action. It does not allege, for example, that any female or younger employees were given preferential treatment when compared to Plaintiff or that Plaintiff was subjected to any specific gender-based or age-based remarks that may demonstrate a discriminatory animus. Although Plaintiff is not required "to plead specific facts to show a prima facie case of discrimination, . . . dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. 2011) (internal quotation marks and citation omitted); see also Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015) (Although a plaintiff need not allege facts establishing every element of a prima facie case of employment discrimination, the facts alleged must give "plausible support to a minimal inference of discriminatory motivation.").

Accordingly, as is readily apparent, the Amended Complaint does not allege a plausible employment discrimination claim under Title VII or the ADEA. Plaintiff's claims are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6

CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to mark this case CLOSED and to mail a copy of this Memorandum and Order to Plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  12 , 2017
Central Islip, New York

7